# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FRANCENE TEARPOCK-MARTINI,** | : | **No. 3:12cv2223** |
| **Plaintiff** | : | |
| | : | **(Judge Munley)** |
| **v.** | : | |
| | : | |
| **SHICKSHINNY BOROUGH,** | : | |
| **JULE MOORE,** | : | |
| **MICHEAL STEEBER,** | : | |
| **ROSALIE WHITEBREAD and** | : | |
| **JAMES WIDO,** | : | |
| **Defendants** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Before the court for disposition is the defendants' motion to dismiss plaintiff's amended complaint. This case involves allegations of civil rights violations in the placement of a sign by the defendants near the plaintiff's property. The motion has been fully briefed and is ripe for disposition.

**Background**

Plaintiff Francene Tearpock-Martini owns real property in Shickshinny, Pennsylvania located at the intersection of Main Street and Furnace Street. (Doc. 17, Am. Compl. ¶ 6). She has owned the property since May 25, 2005. (Id.) Plaintiff's property is bordered by two rights of way, one belonging to the Commonwealth of Pennsylvania and one belonging to Defendant Shickshinny Borough (hereinafter "Shickshinny"). (Id. ¶ 7). From her home, plaintiff can view the rights of way. (Id. ¶ 8).

In 2008, a pastor of a Shickshinny church told plaintiff that he had ordered a sign for his church with the intention of placing it on her property.

Plaintiff told him that she did not consent to the placement of the sign. (Id. ¶ 9). At a July 2008 meeting of the defendant Shickshinny Borough Council, plaintiff informed the entire borough council that she did not approve of placing the church sign on her property. (Id. ¶ 11).

The borough council, of which plaintiff was a member, voted to approve the installation of the sign. (Id. ¶ 12). The individual defendants Jule Moore, Michael Steeber, Rosalie Whitebread and James Wido are all borough council members who voted to approve the sign. (Id. ¶ 13).

Shickshinny Borough street workers and Defendant Wido installed the sign on the rights of way that border plaintiff's property on August 18, 2008. (Id. ¶ 14). The sign reads: "Bible Baptist Church Welcomes You!" (Doc. 17-3, Ex. 3 to Am. Compl., Photograph of Sign). It has a directional arrow with "1 block" written on it. (Id.) The sign is blue with white letters. (Id.) It also features a gold cross and what appears to be a white Bible. (Id.)

To protest the placement of the sign, plaintiff placed her own sign in front of it. Plaintiff's sign read: "This Church Sign Violates My Rights As A Taxpayer & Property Owner. Residential Neighborhoods Are Not Zoned For Advertisement Signs!" (Doc. 17, Am. Compl. ¶ 15). The Shickshinny Borough's Code Enforcement Officer told plaintiff to remove her sign. (Id. ¶ 16). The church sign eventually fell down (Id. ¶ 17). The town re-installed the sign on the rights of way and did so with heavy equipment and poured concrete. (Id. ¶ 19). The defendants have ratified their installation and

maintenance of the sign repeatedly.  (Id. ¶ 21).

Based upon these facts, plaintiff filed the instant three-count amended civil rights complaint pursuant to 42 U.S.C. § 1983.  Count I asserts an Equal Protection Clause claim; Count II asserts that the defendants violated the Establishment of Religion Clause of the First Amendment to the United States Constitution by its actions; Count III avers that the defendants suppressed plaintiff's speech in violation of the First Amendment to the Constitution by threatening to prosecute her for erecting her own sign on her own property protesting the defendant's actions.

Defendants have moved to dismiss the amended complaint. Defendants raise the following issues: 1) plaintiff's filed her complaint beyond the statute of limitations; 2) Shickshinny Borough is immune from liability; 3) Counts I, II and III fail to state a viable First or Fourteenth Amendment claim; 4) qualified immunity shields the individual defendants from liability; 5) the demand for injunctive relief, that is removal of the sign and repair of any damage, is unwarranted; and 6) plaintiff's demands for monetary damages, including punitive damages, attorney's fees, costs and other relief must be dismissed.  This motion is now ripe for decision.

**Jurisdiction**

As this case is brought pursuant to 42 U.S.C. § 1983 for constitutional violations we have jurisdiction under 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under

3

the Constitution, laws, or treaties of the United States.").

**Legal Standard**

Defendants' filed their motion to dismiss the amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). When deciding a Rule 12(b)(6) motion, all well-pleaded allegations of the complaint must be viewed as true and in the light most favorable to the non-movant to determine whether, "under any reasonable reading of the pleadings, the plaintiff may be entitled to relief." Colburn v. Upper Darby Twp., 838 F.2d 663, 665-66 (3d Cir. 1988) (internal quotation marks and citation omitted). The plaintiff must describe "'enough facts to raise a reasonable expectation that discovery will reveal evidence of' [each] necessary element" of the claims alleged in the complaint. Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)). The court does not have to accept legal conclusions or unwarranted factual inferences. See Curay-Cramer v. Ursuline Acad. of Wilmington, Del., Inc., 450 F.3d 130, 133 (3d Cir. 2006). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). Such "facial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

**Discussion**

As noted above, the defendants raise various issues in their motion to dismiss including the statute of limitations. We will only discuss the statute of limitations as we find it to be dispositive of plaintiff's case.

Defendants argue that plaintiff's claims are barred by the statute of limitations. They assert that a two-year statute of limitations governs plaintiff's civil rights claims. The actions of which plaintiff complains took place in 2008. The complaint was not filed until approximately four years later in 2012. Thus, the statute of limitations has expired and plaintiff is barred from bringing the instant action.

Plaintiff, on the other hand, argues that although defendants acted in 2008, she suffers from the cumulative and continuous effect of defendant's actions. Thus, the "continuing violations" or "continuous tort doctrine" should apply to extend the statue of limitations. After a careful review, we agree with the defendants that the statute of limitations bars plaintiff's lawsuit.

Plaintiff brings this case pursuant 42 U.S.C. § 1983. Under that statute, state law applies when determining the appropriate statute of limitations "if it is not inconsistent with federal law or policy to do so." Wilson v. Garcia, 471 U.S. 261, 265 (1985). For cases brought in Pennsylvania, "all § 1983 claims should be characterized for statute of limitations purposes as actions to recover damages for injuries to the

person." Springfield Twp. Sch. Dist. v. Knoll, 471 U.S. 288, 289 (1985). Applying that principle, Pennsylvania law requires that the plaintiff commence his action within two years of his injury. See 42 PA. CONS. STAT. Ann. § 5524(7) (establishing a two-year statute of limitations for "any . . . action or proceeding to recover damages for injury to person or property which is founded on negligent, intentional, or otherwise tortious conduct"). Plaintiff's amended complaint indicates that the defendants' actions took place in 2008. (Doc. 17, Am. Comp. ¶¶ 9-14). Thus the two-year statute of limitations would have expired by the time plaintiff brought suit in 2012. Plaintiff does not dispute that the statute of limitations would have normally expired by the time she filed suit. Rather, she claims that we should apply the continuing violations doctrine and toll the running of the statute of limitations. We disagree.

"The continuing violations doctrine is an equitable exception to the timely filing requirement." Cowell v. Palmer Twp., 263 F.3d 286, 292 (3d Cir. 2001) (internal quotation marks and citation omitted). The doctrine provides that "when a defendant's conduct is part of a continuing practice, an action is timely so long as the last act evidencing the continuing practice falls within the limitations period, in such an instance, the court will grant relief for the earlier related acts that would otherwise be barred." Id. (internal quotation marks and citation omitted). The doctrine applies most frequently in the employment discrimination context. It has, however, been

6

extended to other types of actions, including civil rights claims.  Id.

The application of the continuing violation doctrine in the instant case is inappropriate.  The doctrine focuses on acts performed by the defendant and whether any of the acts occurred during the statute of limitations.  For example in the instant case, the acts taken by the defendants include approving the church's sign and disapproving the plaintiff's own sign.  These acts have had effects.  For example, the plaintiff can evidently see the sign from her property and may consider it an eyesore of sorts.  These effect continue to this day.  The fact that the effects remain, however, does not extend the statute of limitations.  We must focus on when the acts occurred.  As the Ninth Circuit Court of Appeals has explained:  "A continuing violation is occasioned by continual unlawful acts, not by continual ill effects from an original violation."  Ward v. Caulk, 650 F.2d 1144, 1147 (9th  Cir. 1981).

This case can be compared to a case cited by the plaintiff,  Cowell v. Palmer Twp., 263 F.3d 286 (3d Cir. 2001).  In Cowell, the plaintiffs were building developers.  Id. at 288.  They planned to improve real property in a business park to sell as buildable lots.  Id.  To get permission to make the improvements in the business park, plaintiffs had agreed to make some municipal improvements including certain paving work.  Id.  The paving work was done, however, the developers did not pay the paving contractor.  Id.  The township paid the paving contractor and then imposed a lien

7

against the lots.  Id.  Several years later, the township imposed a second municipal lien on the business park properties.  Id.  at 288-89.  Six years after the imposition of the second lien, the plaintiffs brought suit against the municipality, alleging, *inter alia*, "that the imposition of the two municipal liens violated the Takings Clause of the Fifth Amendment and the Due Process Clause of the Fourteenth Amendment[.]" Id. at 289.

The defendants moved to dismiss the case on the ground that the two-year statute of limitation for the constitutional issues had passed. Plaintiffs argued that the continuing violations doctrine applied in that the liens continued to violate their rights until they were lifted or expunged, which occurred within the statute of limitations.  Id. at 293.  The Third Circuit Court of Appeals disagreed with the real estate developers.  The court pointed out that "[t]he focus of the continuing violation doctrine is on affirmative acts of the defendants.  .  .  . The mere existence of the liens does not amount to a continuing violation.  Neither was the Township's refusal to remove the lien an affirmative act of a continuing violation." Id. The court focused on the acts that the municipality did, that is the imposition of the liens, not on the continuing affect these liens had on the property.  The court noted that "'[a] continuing violation is occasioned by continual unlawful acts, not continued ill effects.'"  Id. (quoting Ocean Acres Ltd. v. Dare County Bd. of Health, 707 F.2d 103, 106 (4th Cir. 1983)).

Like the liens in Cowell, the mere existence of the sign of which

8

plaintiff complains does not amount to a continuing violation.  The township acted approximately four years before the complaint was filed, and the fact that plaintiff still experiences the ill effects of those acts does not extend the statute of limitations.

Plaintiff also cites CBG Occupational Therapy v. Bala Nursing & Ret.Ctr., No. 1758 Apr. Term 2003, 2005 WL 280838 (Phila. Cty. C.P. Ct. Jan. 27, 2005).  This case talks in terms of "continuous torts" and notes that "[a] continuing tort sufficient to toll the statute of limitations is occasioned by continual unlawful acts, *not by **continued** ill effects from an original violation.*"  Id. at *3 (emphasis in the original, internal citation and quotation marks omitted).  Plaintiff in CBG brought suit for, *inter alia*, tortuous interference, fraud and misrepresentation regarding an agreement with the defendant whereby plaintiff was to recruit and hire employees who would become defendant's employees but work under plaintiff's management. Id. at *1.  Plaintiff alleged that defendant never paid the agreed to recruiting fees and conspired to steal the employees away for defendant's own use. Id. at *3.

Plaintiff argued that it had alleged a continuous tort because some of the individuals continued to work for defendant.  Id.  The court disagreed with plaintiff and found that the continuous employment of the workers is an "ill effect" of a violation, not a continuing violation.  Id.  The statute of limitations had begun to run when the plaintiff knew or had reason to know

that defendant had breached the agreement.  Id.

Again in finding that the continuing violations doctrine inapplicable, the court examined the facts to determine when the last act occurred, as opposed to when the effects of that act were last made manifest.

Cowell and CBG both found the continuing violations doctrine inapplicable.  In the cases plaintiff cites where the doctrine is found to be applicable, the courts nonetheless examine when the acts plaintiff complains of occurred.   For example, plaintiff cites to Jackson v. East Hempfield Twp. Pol. Dept., 37 D. & C. 4th 360 (Lancaster Cty. C.P. Ct. 1997).  The plaintiff in Jackson brought a civil rights action alleging the police had not properly and adequately responded to domestic violence calls involving her and her husband.  Id. at 362.  The defendant challenged the complaint based upon the statute of limitations.  Id. at 363.  The court applied the continuing violations doctrine and concluded that the plaintiff had alleged at least one discriminatory incident or act within the filing period and that this incident was more than an isolated occurrence.  Id. at 365. Because one of the acts occurred within the statute of limitations, the continuing violation doctrine tolled the statute of limitations with regard to earlier incidents of alleged discrimination.  Id. at 366.

The final case cited by plaintiff is Brillhart v. Sharp, No. 4:CV-07-1121,

10

2008 WL 2857713 (M.D. Pa. July 21, 2008).[1]  In this case, the plaintiff sued for assault and intentional infliction of emotional distress among other causes of action.  The court applied the continuing violations theory and found that several of plaintiff's claims were based on a continuing pattern of conduct with at least one of the acts falling within the limitations period.  Id. at * 6-7.

Thus, the cases that find an actual act during the statute of limitations apply the continuing violations doctrine.  Where merely the ill effects of the defendant's past acts endure, then application of the continuing violations doctrine is inappropriate.  Here, plaintiff alleges acts by the defendant that occurred more than two years before the filing of the complaint, that is the placement of the sign and the forced removal of plaintiff's sign.  The defendant has committed no acts within the two years of the filing of plaintiff's complaint.  Accordingly, the continuing violation doctrine cannot be used to extend the statute of limitations and plaintiff's suit is time barred.  Defendant's motion to dismiss will be granted.

---

[1]Plaintiff also cites to Griggs v. Kravitz, 12 Pa. D. & C. 3d 240 (Monroe Cty. C.P. Ct. 1979).  The plaintiff in Griggs brought suit for legal malpractice/negligent misrepresentation.  Id. at 241.  The defendant filed preliminary objections based on the statute of limitations.  Id.  In a brief opinion, the court interpreted the complaint as alleging a continuing trespass on the part of the defendant, and therefore, the statute of limitations defense was not established on the face of the complaint.  Id. at 242.  The court's opinion does not provide sufficient facts, however, for us to make a reasoned comparison of the instant case to the facts of Griggs.

**Conclusion**

Plaintiff's complaint was filed beyond the statute of limitations, and it we will grant the defendant's motion to dismiss.  An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FRANCENE TEARPOCK-MARTINI,** | : | No. 3:12cv2223 |
| **Plaintiff** | : | |
| | : | **(Judge Munley)** |
| **v.** | : | |
| | : | |
| **SHICKSHINNY BOROUGH,** | : | |
| **JULE MOORE,** | : | |
| **MICHEAL STEEBER,** | : | |
| **ROSALIE WHITEBREAD and** | : | |
| **JAMES WIDO,** | : | |
| **Defendants** | : | |

## ORDER

**AND NOW**, to wit, this 19th day of August 2013, the defendants'

motion to dismiss (Doc. 18) is hereby **GRANTED** because plaintiff's suit is

barred by the statute of limitations.  The Clerk of Court is directed to close

this case.

**BY THE COURT:**


**s/ James M. Munley**
**JUDGE JAMES M. MUNLEY**
**United States District Court**