# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FRANCENE TEARPOCK-MARTINI, | : | No. 3:12cv2223 |
| Plaintiff | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| SHICKSHINNY BOROUGH, | : | |
| JULE MOORE, | : | |
| MICHAEL STEEBER, | : | |
| ROSALIE WHITEBREAD and | : | |
| JAMES WIDO, | : | |
| Defendants | : | |

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## **MEMORANDUM**

Before the court for disposition is the defendants' motion to dismiss plaintiff's amended complaint. The motion has been fully briefed and is ripe for disposition.

**Background**

This case involves allegations of civil rights violations in the placement of a sign by the defendants near the plaintiff's property. Plaintiff Francene Tearpock-Martini owns real property in Shickshinny, Pennsylvania. (Doc. 17, Am. Compl. ¶ 6). She has owned the property since May 25, 2005. (Id.) Plaintiff's property is bordered by two rights of way, one belonging to the Commonwealth of Pennsylvania and one belonging to Defendant Shickshinny Borough (hereinafter "Shickshinny").

(Id. ¶ 7).  From her home, plaintiff can view the rights of way.  (Id. ¶ 8).

In 2008, a pastor of a Shickshinny church told plaintiff that he had ordered a sign for his church with the intention of placing it on her property.  Plaintiff told him that she did not consent to the placement of the sign.  (Id. ¶ 9).  At a July 2008 meeting of the defendant Shickshinny Borough Council, plaintiff informed the entire borough council that she did not approve of placing the church sign on her property.  (Id. ¶ 11).

The borough council, of which plaintiff was a member, voted to approve the sign's installation.  (Id. ¶ 12).  Defendants Jule Moore, Michael Steeber, Rosalie Whitebread and James Wido (hereinafter "council member defendants") are all borough council members who voted to approve the sign.  (Id. ¶ 13).

Shickshinny Borough street workers and Defendant Wido installed the sign on the rights of way that border plaintiff's property on August 18, 2008.  (Id. ¶ 14).   The sign reads: "Bible Baptist Church Welcomes You!"   (Doc. 17-3, Ex. 3 to Am. Compl., Photograph of Sign).  It has a directional arrow with "1 block" written on it.  (Id.)  The sign is blue with white letters.  (Id.)  It also features a gold cross and what appears to be a white Bible.  (Id.)

To protest the placement of the sign, plaintiff placed her own sign in

front of it.  Plaintiff's sign read: "This Church Sign Violates My Rights As A Taxpayer & Property Owner.  Residential Neighborhoods Are Not Zoned For Advertisement Signs!"  (Doc. 17, Am. Compl. ¶ 15).  The Shickshinny Borough's Code Enforcement Officer told plaintiff to remove her sign.  (Id. ¶ 16).  The church sign eventually fell down.  (Id. ¶ 17).  The town re-installed the sign on the rights of way and did so with heavy equipment and poured concrete.  (Id. ¶ 19).   The defendants have ratified their installation and maintenance of the sign repeatedly.  (Id. ¶ 21).

Based upon these facts, plaintiff filed a three-count amended civil rights complaint pursuant to 42 U.S.C. § 1983.  Count I asserts an Equal Protection Clause claim; Count II contends that the defendants' threats to prosecute her for erecting her own sign on her property violated the Establishment of Religion Clause of the First Amendment to the United States Constitution; Count III avers that the defendants suppressed plaintiff's speech in violation of the First Amendment to the Constitution by threatening to prosecute her for erecting her own sign on her own property protesting the defendant's actions.

Defendants filed a motion to dismiss the amended complaint, which this court granted on the basis of the statute of limitations.  (Doc. 28, Memo.

& Order of Aug. 19, 2013). The plaintiff appealed the court's decision to the United States Court of Appeals for the Third Circuit. (Doc. 29, Not. of Appeal). The Third Circuit affirmed in part and vacated in part and remanded. (Doc. 31, Judgment). The Third Circuit affirmed our dismissal of Counts One and Three, but reversed with regard to our dismissal of Count Two. Thus, the sole remaining Count is Count Two, a claim that defendants actions amounted to a violation of the Establishment of Religion Clause of the First Amendment to the United States Constitution.[1]

After the case had been remanded to this court, the defendants filed an amended motion to dismiss the amended complaint. Specifically, the defendants address the merits of the plaintiff's Count Two establishment of religion claim. This motion has been fully briefed and is ripe for disposition.

**Jurisdiction**

As this case is brought pursuant to 42 U.S.C. § 1983 for constitutional violations we have jurisdiction under 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

---

[1] This court's earlier decision and the Third Circuit's opinion dealt with Count II only with regard to the statute of limitations. Neither opinion addressed the merits of plaintiff's Establishment of Religion claim.

**Legal Standard**

Defendants' filed their motion to dismiss the amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  When deciding a Rule 12(b)(6) motion, all well-pleaded allegations of the complaint must be viewed as true and in the light most favorable to the non-movant to determine whether, "under any reasonable reading of the pleadings, the plaintiff may be entitled to relief."  Colburn v. Upper Darby Twp., 838 F.2d 663, 665-66 (3d Cir. 1988) (internal quotation marks and citation omitted). The plaintiff must describe "'enough facts to raise a reasonable expectation that discovery will reveal evidence of' [each] necessary element" of the claims alleged in the complaint.  Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)).  The court does not have to accept legal conclusions or unwarranted factual inferences.  See Curay-Cramer v. Ursuline Acad. of Wilmington, Del., Inc., 450 F.3d 130, 133 (3d Cir. 2006).  The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). Such "facial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

**Discussion**

Plaintiff's Amended Complaint alleges that: "Defendants established religion, by using municipal resources and using municipal power to erect, and to require that the border of [plaintiff's] Property be used for, a sign promoting a particular church and therefore a particular religion." (Doc. 17, Am. Compl. ¶ 31).  Defendants argue that Count Two of the amended complaint fails to state a viable Establishment Clause claim because the placement and text of the church sign within the right-of-way does not establish a religion or coerce anyone to support or to participate in a particular religion or religious practice.   Defendants also argue that the individual defendants cannot be held liable for various reasons.  Lastly, defendants argue that if the court permits Count Two to proceed, the claim for punitive damages should nonetheless be dismissed.  We will address these issues in turn.

**I. Does the complaint state an Establishment Clause violation?**

Defendants first challenge whether the plaintiff has pled a valid "Establishment of religion" claim.  They argue that as a matter of law a sign

that provides directions to a church does not violate the Constitution even if it displays a cross and a Bible. Plaintiff, on the other hand, argues that the placement of the sign is indeed an endorsement of religion, Christianity in general and the Bible Baptist Church specifically. After a careful review, we find that Count Two of the amended complaint should not be dismissed.

The Third Circuit Court of Appeals has explained this area of the law as follows:

> The Establishment Clause, which states that "Congress shall make no law respecting an establishment of religion[,]" U.S. Const. amend. I, prevents any branch of federal, state, or municipal government from "act[ing] with the ostensible and predominant purpose of advancing religion . . . ." McCreary Cnty., Ky. v. ACLU of Ky., 545 U.S. 844, 860, 125 S.Ct. 2722, 162 L.Ed.2d 729 (2005). Although the precise contours of that command have historically resisted definition even by our highest Court, it is undisputed that religious displays erected by the State, whether enduring or only temporary, may sometimes stand in violation of the Constitution. See, e.g., id. at 881, 125 S.Ct. 2722 (concluding that courthouse display of the Ten Commandments violated the Establishment Clause).

Tearpock-Martini v. Borough of Shickshinny, 756 F.3d 232, 235 (3d Cir. 2014) (footnote omitted).

The United States Supreme Court has developed several tests for determining whether a government's actions violate the Establishment

7

Clause.  Borden v. Sch. Dist. of E. Brunswick, 523 F.3d 153, 175 (3d Cir. 2008).  These tests are the coercion test, the Lemon test and the "endorsement" test.  Id.  Defendants argue that as a matter of law, the sign is not an establishment of religion under any of these tests.  At this point, it appears that the plaintiff only addresses the "endorsement" test, thus we also will only address that issue.[2]

"The endorsement test applies in cases involving state participation in a religious activity.  . . .  The relevant question under the endorsement test is whether a reasonable observer familiar with the history and context of the display would perceive the display as a government endorsement of religion."  Id. at 175 (internal quotation marks and citations omitted).

We find that it is too early to decide this issue.  The complaint makes sufficient allegations that the government placed the sign on the public right

---

[2]"The coercion test looks at whether the government is 'coerc[ing] anyone to support or participate in religion or its exercise. . . .'" Borden, 505 F.3d at 175 n.18 (quoting Lee v. Weisman, 505 U.S. 577, 587 (1992)).
 The Lemon test, is named after the Supreme Court case in which it was first identified, Lemon v. Kurthzman, 403 U.S. 602 (1971).  The test indicates an inappropriate establishment of religion where the government's act:  1) lacks a secular purpose; 2) has a primary effect of either advancing or inhibiting religion; and 3) fosters an excessive entanglement of government with religion.  Borden, 505 F.3d at 175 n.19.

of way. The sign points in the direction of the church and contains a Bible and a cross. The circumstances surrounding the sign are very fact sensitive. For example, according to the plaintiff's brief, the township does not permit other directional signs and denied the request of the local post office to place a sign. Depending on the facts that are revealed by discovery, a reasonable observer who is familiar with the history and context of the display may perceive a governmental endorsement of religion. Thus, it is premature to decide this issue.

Generally, we do not discount any of the arguments the parties make on this point, we merely find that it is not proper to make this decision at this stage of the proceedings. It is a matter that may better be resolved after discovery is completed. In fact, many of the cases that the parties discuss in support of their positions were decided after discovery and/or evidentiary hearings. See Town of Greece, NY v. Galloway, - - U.S. - - , 134 S.Ct. 1811 (2014) (decided at summary judgment); Freethought Society of Greater Phila. v. Chester County, 334 F.3d 247 (3d Cir. 2003) (decided after a two-day evidentiary hearing that led to the issuance of permanent injunctive relief) and ; Borden, 523 F.3d 153 (3d Cir. 2008) (decided at summary judgment). Accordingly, we find that the motion to dismiss Count

9

Two on the basis that it does not properly allege an Establishment Clause claim should be denied.

**II. Are the individual defendants immune from liability?**

The defendant's second issue is qualified immunity. They argue that qualified immunity shields the council member defendants from liability for their official actions and decision making. After a careful review, we find that it is appropriate to apply qualified immunity.

Qualified immunity can serve as a defense to an individual defendant accused of a civil rights violation. See, Hunter v. Bryant, 502 U.S. 224, 227 (1991). "A government official sued under § 1983 is entitled to qualified immunity unless the official violated a statutory or constitutional right that was clearly established at the time of the challenged conduct." Carroll v. Carman, - - U.S. - - , 135 S.Ct. 348, 350 (2014). For a qualified immunity analysis, therefore, the court must examine: 1) whether the officials violated a constitutional right and 2) whether that right was clearly established at the time. Wright v. City of Phila., 409 F.3d 595, 699–600 (3d Cir. 2005) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)).

A legal right is "clearly established" where "its contours [are] sufficiently clear that a reasonable official would understand that what he is

doing violates that right." Anderson v. Creighton, 483 U.S. 635, 640 (1987). "In other words, existing precedent must have placed the statutory or constitutional question beyond debate. This doctrine gives government officials breathing room to make reasonable but mistaken judgments and protects all but the plainly incompetent or those who knowingly violate the law." Carroll, 135 S.Ct. at 350.

In the instant case, we cannot determine at this point whether the officials generally violated a constitutional right. We can say, however, that if they did, it was not clearly established at the time. The parties have pointed to no cases, and our research has uncovered none, that address the constitutionality of a municipality placing a directional sign for a church that has some religious imagery on it. Accordingly, we cannot find that the right was clearly established at the time and qualified immunity applies to the individual defendants.

Plaintiff argues that "Reasonable government officials would know that they cannot establish or endorse religion by putting a church sign with religious symbols on their own property, with taxpayer money, especially when they have excluded all other types of signs, including from the U.S. Postal Service and from [plaintiff] on her own property exercising First

11

Amendment rights. There is nothing new about the law, nor anything unusual or esoteric." (Doc. 40, Pl.'s Opp'n Brief). Despite plaintiff's assertion that there is nothing new or unusual about this law, she cites no authority for the proposition.

Moreover, the Establishment Clause case law is somewhat convoluted. As noted above there are at least three different tests that the Supreme Court has used to examine such cases. Because the area of the law is in such a state of uncertainty, and no precedent directly addresses this issue, we cannot rule that a reasonable person would have known that the borough council's actions amounted to an establishment of religion -if in fact they did.

Thus, we will grant the defendants' motion to dismiss the complaint as against the council member defendants based on qualified immunity. Only the municipality itself shall remain in the case.

### III. Does the statute of limitations bar the claims against the individual defendants in Count Two?

The next issue defendants raise involves the statute of limitations. As previously explained, this court dismissed this entire action based upon the statute of limitations. The Third Circuit Court of Appeals reversed that decision with regard to Count Two. The defendants now argue that

although the Third Circuit reversed on the issue of statute of limitations it did not address the issue of whether the claims against the council member defendants are barred by the statute of limitations. The plaintiff argues that the Third Circuit Court of Appeals' has already decided that the statute of limitations does not bar Count Two. We will deny this issue as moot[3].

**IV.  Should the punitive damages claim against the individual defendants be dismissed?**

Plaintiff's complaint demands judgment including, *inter alia*, punitive damages. (Doc. 17, Am. Compl., Ad Damnum Clause, foll. ¶ 37). Defendant moves to dismiss this claim for punitive damages.

The law provides that a plaintiff may obtain an award of punitive damages in a section 1983 action "when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." Kolstad v. Am. Dental Ass'n, 527 U.S. 526, 536 (1999). A showing of actual malice, however, is not necessary. The plaintiff must establish that the defendant

---

[3]We note, however, that although, the Third Circuit has already addressed the statute of limitations issue, it did so in merely a general manner. It did not address who the proper defendants should be. This issue was simply not before the court at that time.  If we were not applying qualified immunity to the council member defendants, we would dismiss the claims against them that apply to discrete acts which occurred before the expiration of the statute of limitations.

acted with a "subjective consciousness of a risk of injury or illegality and a criminal indifference to civil obligations." Id. (internal quotation marks and citations omitted).

In the instant case, plaintiff does not seek punitive damages against the municipality, only against the individual defendants.[4]  (Doc. 17, Am. Compl., Ad Damnum Clause, foll. ¶ 37).  Here, we will dismiss the individual defendants on the basis of qualified immunity, therefore, the punitive damages claim against them will be moot.  Regardless, we find that the complaint makes no allegations to support evil motive, intent or reckless or callous indifference to the federally protected rights of others.  Thus, even if qualified immunity did not apply, we would dismiss the punitive damages claim.

**Conclusion**

For the foregoing reasons, the defendants' motion to dismiss Count Two of the Amended Complaint will be denied as to dismissing the Establishment Clause claim.  It will be granted as to the individual defendants because the doctrine of qualified immunity shields them from

---

[4] Indeed, punitive damages may not be awarded against a municipality in a section 1983 action.  City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 271 (1981).

suit.  An appropriate order follows.

**Date: March 19, 2015**            **s/ James M. Munley**
                                    **Judge James M. Munley**
                                    **UNITED STATES DISTRICT COURT**