# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FRANCENE TEARPOCK-MARTINI,** | : | No. 3:12cv2223 |
| Plaintiff | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| **SHICKSHINNY BOROUGH,** | : | |
| Defendant | : | |

## MEMORANDUM

Before the court for disposition is Defendant Shickshinny Borough's motion for summary judgment in this case regarding whether the borough's involvement in placing a church directional sign amounts to the establishment of religion.  The parties have briefed their respective positions and the matter is ripe for disposition. For the reasons that follow, we find that the borough's involvement in placing the sign does not violate the Constitution.

**Background**

Plaintiff Francene Tearpock-Martini (hereinafter "plaintiff") resides in Shickshinny Borough, Luzerne County, Pennsylvania.  (Def.'s Statement of

Material Facts (hereinafter "SOF") ¶ 1).[1]  She filed this lawsuit regarding a sign that Defendant Shickshinny Borough (hereinafter "defendant" or "borough") allowed to be placed within sight of her residence.  The sign reads: "Bible Baptist Church Welcomes You!"  (SOF ¶ 7).  On the sign is a directional arrow containing the word "one block" and two symbols, a cross[2] and a Bible.[3]  (Id.)

The borough council voted to approve the installation of the sign on August 5, 2008.  (SOF ¶ 17).  At the time, plaintiff served on the council, however, she voted against approving the sign.  (Id.)

The borough did not design, produce or own the sign.  (SOF ¶¶ 22-23).  The defendant did, however, help to install the sign on a borough right-of-way, using borough employees.  (See Doc. 52, Resp. to SOF at ¶ 20).  A sign for the church had in fact been occasionally located at or near

---

[1] We cite to the defendant's SOF for statements which plaintiff generally agrees with in her response (Doc. 52).

[2] The type of cross on the sign is a "Latin cross".  "A Latin cross consists of two bars – a vertical one and a shorter, horizontal one." Salazar v. Buono, 599 U.S. 700, 706-07 (2010).

[3] The parties discuss whether the book on the sign is actually a Bible or not.  Defendant concedes that the book "may reasonably be perceived to be a bible."  (SOF ¶ 7).  Thus, for purposes of clarity and in viewing the facts in the light most favorable to the plaintiff, we will refer to the book as a Bible.

the site as far back as the 1980s.  (Doc. 53, Pl. Ex. E, Pl.'s Dep. at 26-27[4]).

Plaintiff instituted the instant action over four years after the borough approved the sign, under 42 U.S.C. § 1983 for constitutional violations. She alleged Fourteenth Amendment due process and equal protection violations and a First Amendment establishment of religion violation.  (Doc. 1, Compl.).  She sued the Shickshinny Borough and the four council members who voted to approve the sign.  (Id.)  Plaintiff subsequently filed an amended complaint that did not include the due process claim, and added a free speech claim.  (Doc. 17, Am. Compl.).

Defendants then filed a motion to dismiss the amended complaint based upon, *inter alia*, the statute of limitations.  We granted the motion on statute of limitation grounds and dismissed the amended complaint.  (Doc. 28, Memo.& Ord. of Aug. 19, 2013).

Plaintiff appealed, and the Third Circuit Court of Appeals affirmed in part and reversed in part.  The court affirmed with respect to the Equal Protection and Free Speech claim, but it reversed with regard to the Establishment of Religion claim.  Tearpock-Martini v. Boro. of Shickshinny,

---

[4]The page numbers in citations to depositions in this memorandum are the page numbers of the actual deposition not the court's electronic filing page number.

3

756 F.3d 232 (3d Cir. 2014); (Doc. 32, Mandate of USCA).  The Third Circuit concluded that the statute of limitations had not expired with regard to the religion claim and remanded the case to this court.  (Id.)

Defendants then filed another motion to dismiss asserting that qualified immunity shielded the individual defendants from liability.  We agreed and dismissed the individual defendants.  (Doc. 42, Memo. of Mar. 20, 2015).  Thus, the sole defendant remaining in the case is the borough, and the only cause of action is the First Amendment Establishment Clause.

The matter proceeded through discovery, at the end of which, the defendant moved for summary judgment.  The matter has been fully briefed and is ripe for disposition.

**Jurisdiction**

As this case is brought pursuant to 42 U.S.C. § 1983 for a constitutional violation, we have jurisdiction under 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.")

**Legal standard**

Granting summary judgment is proper "'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the

affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" See Knabe v. Boury, 114 F.3d 407, 410 n.4 (3d Cir. 1997) (quoting FED. R. CIV. P. 56(c)). "[T]his standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (emphasis in original).

In considering a motion for summary judgment, the court must examine the facts in the light most favorable to the party opposing the motion. Int'l Raw Materials, Ltd. v. Stauffer Chem. Co., 898 F.2d 946, 949 (3d Cir. 1990). The burden is on the moving party to demonstrate that the evidence is such that a reasonable jury could not return a verdict for the non-moving party. Anderson, 477 U.S. at 248 (1986). A fact is material when it might affect the outcome of the suit under the governing law. Id. Where the non-moving party will bear the burden of proof at trial, the party moving for summary judgment may meet its burden by showing that the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the non-movant's burden of proof at trial. Celotex v.

5

Catrett, 477 U.S. 317, 322 (1986).  Once the moving party satisfies its burden, the burden shifts to the nonmoving party, who must go beyond its pleadings, and designate specific facts by the use of affidavits, depositions, admissions, or answers to interrogatories showing that there is a genuine issue for trial.  Id. at 324.

**Discussion**

As noted above, plaintiff complains of a violation of Establishment Clause of the First Amendment to the United States Constitution.  In pertinent part, the First Amendment provides as follows: "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof."  This clause is applicable not only against the federal government but also against state governments.  Elk Grove Unified Sch. Dist.v. Nedow, 542 U.S. 1, 8  n.4 (2004).  This portion of the First Amendment prohibits the government from both establishing a religion and prohibiting the free exercise of religion.  In the instant case, the plaintiff complains of an establishment of religion.

The only issues left in the case is whether or not the borough unconstitutionally established a religion by allowing the placement of the sign and assisting in its erection.  Defendant argues that it does not for two

reasons.  First, defendant argues that the sign is not a "religious display", and therefore, it is does not qualify for Establishment Clause analysis.  Second, defendant suggests that even if the sign is a religious display, it does not amount to an establishment of religion.  We will address these two issues separately.

**I.  Religious Display**

Fundamental to plaintiff's case is the averment that the sign at issue is a "religious display" so as to fall under the Establishment Clause of the First Amendment.  As noted above, the sign contains the image of a cross and a Bible and indicates that a church "welcomes you".  When faced with these facts in the above-mentioned appeal, the Third Circuit indicated that this sign is "religious-themed".  Tearpock-Martini, 756 F.3d at 233.  Further, the court stated that the sign is a "religious display".  Id. at 235, 239.

Additionally, the United States Supreme Court has addressed displays including the following: an unattended cross in a public square;[5] the display on public land of a Latin cross honoring fallen WWI heroes;[6] a

---

[5] Capitol Square Review & Advisory Bd. v. Pinette, 515 U.S. 753 (1995).

[6] Salazar v. Buono, 559 U.S. 700 (2010).

monument with the Protestant Ten Commandments on it;[7] and a Chanukah Menorah.[8] While the sign at issue here, may not be as grandiose or as blatant as these displays, it does contain religious symbols. Defendant has cited no cases, and our research has uncovered none, which indicate that this display, a directional sign to a church, is so *de minimis* as to fall outside of the Establishment Clause analysis because it is not sufficiently religious. Accordingly, for purposes of this memorandum the sign is a "religious display" even though is much minor than many of the other religious displays addressed by the courts.

**II. Establishment of religion**

As we have found that the sign can be deemed a "religious display" the next step is for us to determine whether placement of the sign amounts to an establishment of religion by the defendant in violation of the First Amendment. Defendant argues that it did not violate the Constitution or establish a religion with regard to the sign. After a careful review, we agree.

First we must determine what standard or test to apply. The Third

---

[7] Van Orden v. Perry, 545 U.S. 677 (2005).

[8] County of Allegheny v. ACLU of Greater Pitts. Chapter, 492 U.S. 573 (1989).

Circuit Court of Appeals has indicated that the "endorsement" of religion test applies in religious display cases such as this one. <u>Freethought Society of Greater Phila. v. Chester Cty.</u>, 334 F.3d 247, 250 (3d Cir. 2003). "This analysis adopts the viewpoint of a reasonable observer familiar with the history and context of the display and asks whether they would perceive the display as a government endorsement of religion." <u>Doe v. Indian River</u>, 653 F.3d 256, 282 (3d Cir. 2011)(internal quotation marks and citations omitted).

Thus, we must determine whether a reasonable observer of the sign who is familiar with the history and context of the display would perceive it as an endorsement of religion.  Here, the display is a sign pointing in the direction of a church.   A reasonable observer would think it is a sign to a church and nothing more.

The defendant indicates that they placed the sign because the church made a request for its approval and the church is out of the way, whereas most of the other churches in town are located on the main street or on Church Street.  (Doc. 53, Pl. Ex. D., Def. Dep. (hereinafter, "Def. Dep.") at Doc. 53, 139).  Plaintiff has not presented sufficient evidence to create a general issue of material fact as to cast doubt on the borough's

motives. In her brief plaintiff emphasizes, repeatedly, three assertions that she claims render the sign an endorsement of religion.  These assertions are: 1) the borough generally does not allow signs at all, but made an exception for a religious sign; 2) the borough refused to allow the post office to install a sign; and 3) the sign is installed with government funds by government employees.

If a genuine issue of material fact existed with regard to these assertions, it might be appropriate for this case to proceed.  Plaintiff, however, has raised no issue of fact with regard to these issues.  For example, she claims that the borough has a general ban on signs.  The evidence in the record does not support this contention.  In fact, the defendant evidently has a procedure for the use of those seeking to place a sign, including the payment of a fee.  (Def. Dep. 118-19).  Additionally, at least one other directional sign is located in the town.  (Id. at 82-83 (describing the sign to the boat launch)). Thus, the evidence indicates that the town in fact does not have a general ban on signs.

Next, plaintiff claims it is relevant that the borough refused permission to the post office to install a sign.  This refusal reflects the fact that the borough favored religious over non-religious signs according to the

plaintiff. We are unconvinced. Plaintiff does not present a clear picture of the facts surrounding the post office sign. It appears that the board failed to approve a sign. (Id. at 13-14). It's not clear, however, whether the post office actually applied for a sign or whether the matter was brought up on the initiative of one of the council members. Defendant's deposition indicates: "I don't think the post office applied. It think it was - - somebody may have come - - they may have gone to Kevin Morris, who is the fire chief, and said, gee, you know, it would be helpful, you know, if we had signs up. And he may have brought it up that way without any formalities of, you know, applying for a permit. I don't know that." (Id. at 22). A council member made a motion regarding placing the post office sign, and no one seconded it. (Id. at 14). It is not a reasonable inference from these facts that the sign was denied because signs are not permitted in town and the reason the church sign was allowed is that the borough sought to endorse or establish a religion.

The next factor that the plaintiff repeatedly asserts demonstrates that the borough established a religion by placing the sign is that evidently a town employee or employee(s) assisted in placing the sign and may or may not have used cement from the borough. We are unconvinced that

11

this fact demonstrates that the borough established a religion.  Plaintiff has cited to no authority that would demonstrate that this amounts to the establishment of religion.  In fact, plaintiff has cited to no cases at all where courts have found the placement of a church sign to be an establishment of religion under the First Amendment.[9]

Accordingly, plaintiff has not met her burden to establish a genuine issue of material fact as to whether the borough acted unconstitutionally. A reasonable observer familiar with the history and context of the display would not perceive the sign as a government endorsement of religion.[10] We will, therefore, grant summary judgment to the defendant.[11]

---

[9] Similarly, defendant cites to no cases holding that such signs are clearly constitutional.  The lack of case law in the area may be an indication that no reasonable person would find a directional sign to be an establishment of religion.

[10] A reasonable observer, however, might conclude that some animosity exists between the plaintiff and other council members regarding the placement of the sign where plaintiff can view it from her property.  The issue here, however, is not whether the sign was placed there out of spite or to annoy the plaintiff or whether it does, in fact, anger the plaintiff. Rather, the issue is whether the sign's placement violated the First Amendment freedom of religion clause. As explained above, we find that it did not.

[11] Moreover, it appears that none of those voting in favor of the sign are members of the church in question.  (Doc. 49-2, Def.'s Statement of Material Facts, ¶¶ 13-16; Doc. 52, Pl.'s Response to Def's. SOF, ¶¶ 13-16).  Plaintiff indicates that it is irrelevant whether the members of the

Although we have decided that summary judgment is appropriate under the endorsement test, we will also address another test which has been developed by the United States Supreme Court.  In its most recent opinion regarding religious displays, the Third Circuit explained that this "endorsement test" is the test that applies to such cases.  Freethought, 334 F.3d at 250.  The court also, however, in an "abundance of caution" applied a test called the Lemon test, which preceded, and was modified by the endorsement test.  Id.  We will, thus, also apply the Lemon test.

The Lemon Test proves the following three-part inquiry to determine if the government has acted constitutionally: 1) Did the government practice have a secular purpose?; 2) Did the principal effect of the action either advance religion or inhibit religion? and 3) Did the government's action create an excessive entanglement of government with religion? Lemon v. Kurtzman, 403 U.S. 602, 612-13 (1971); Doe v. Indian River Sch. Dist., 653 F.3d 256, 282 (3d Cir. 2011).

Application of the Lemon test reveals that the defendant has not

---

council who voted in favor of the sign are members of the church or not. We disagree.  If they were members of the church, it would provide some support to plaintiff's argument that they sought to endorse or establish a religion. Likewise, the fact that they are not members of the church casts doubt on plaintiff's position.

13

violated the First Amendment religious clause.  The government's action did have a secular purpose - that is install a sign which would provide direction to people, placing directional signs on roads is often allowed by municipalities.  The principal effect of the action does not inhibit religion it does advance it in the sense that it provides directions to the church.  But overall, the government's actions did not create an excessive entanglement of government with religion.  The government approved the sign and helped to install it.  That is the extent of the government's involvement - - it did not even design the sign.  Accordingly, under the <u>Lemon</u> test, there is not an establishment of religion either.

**Conclusion**

For the reasons set forth above, we find that Shickshinny Borough did not improperly establish or endorse a religion by permitting and sign and in assisting in the installation of the sign.  Accordingly, summary judgment will be granted in favor of the defendant.  An appropriate order follows.

**Date: <u>July 22, 2016</u>**               s/ James M. Munley
                                    **JUDGE JAMES M. MUNLEY**
                                    **UNITED STATES DISTRICT COURT**